UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBO'S DRUGS, INC.,

    Plaintiff,

v.                                                                            Case No: 8:17-cv-1862-T-36TBM

FAGRON, INC., FAGRON ACADEMY,
LLC, FAGRON PROFESSIONAL
SERVICES, LLC, FAGRON HOLDING
USA, LLC and B&B
PHARMACEUTICALS, INC.,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon the Defendants' Motion to Dismiss Plaintiff's Class Action Complaint and Incorporated Memorandum of Law (Doc. 19), and Plaintiff's response in opposition (Doc. 25). Defendants move to dismiss both counts of the Complaint on the grounds that Plaintiff lacks a concrete and particularized harm to establish standing, Defendants were not "senders" of a fax communication that gave rise to the Complaint within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the statute of limitations bars certain claims by Plaintiff. Doc. 19 at p. 2. The Court, having considered the parties submissions and being fully advised in the premises, will grant, in part, the Defendants' Motion to Dismiss as to all claims pertaining to the May 1, 2013 fax. In all other respects, the Defendants' Motion to Dismiss will be denied.

## I. STATEMENT OF FACTS[1]

Plaintiff Bobo's Drugs, Inc. d/b/a/ Davis Islands Pharmacy ("Bobo's Drugs") is an independent pharmacy. Doc. 1 ¶ 5. Defendants Fagron, Inc.; Fagron Academy, LLC; Fagron Professional Sercices, LLC, Fagron Holding USA, LLC, and B&B Pharmaceuticals (collectively, "Defendants") allegedly faxed advertisements, either directly or through a third party, to Bobo's Drugs and a class of similarly situated persons. Doc. 1 ¶¶ 1, 18. Bobo's Drugs attached two of Defendants' fax advertisements to the Complaint, one received on June 2, 2016, and the second received on May 1, 2013. *Id.* ¶ 19, Ex. A-B. The 2016 fax advertises the Fagron Academy Compounding Technical Services ("FACTS") program, a subscription continuing education and consulting service, and displays a website address, telephone number, and e-mail address that can be used to subscribe to the FACTS program. *Id.* ¶¶ 20, 22, Ex. A. The 2013 fax advertises the commercial availability of Defendants' pharmaceutical ingredients and products and informs recipients that the listed prices are only available until May 31, 2013, or while supplies last. *Id.* ¶ 23. It also contains an address, toll free telephone number, and toll free fax number that can be used to place an order for Defendants' pharmaceuticals. *Id.* ¶ 24.

Additionally, Bobo's Drugs believes Defendants sent similar advertisements to thirty-nine other persons. *Id.* ¶ 26. Plaintiff brought suit on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> Each person sent one or more telephone facsimile messages from Fagron or B&B Pharmaceuticals promoting pharmaceutical products or educational services from the Fagron Academy Compounding Technical Services [FACTS] but did not inform recipients that to opt out of receiving further faxes they must identify the telephone number of the telephone facsimile machine to which their opt-out request

---

[1] The following statement of facts is derived from Plaintiff's Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motions to Dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

> relates, that a request must be made to the telephone number, facsimile number, Web site address or email address identified in the sender's facsimile advertisement, and that an opt-out request will be valid until the recipient subsequently provides express invitation or permission to the sender, in writing or otherwise, authorizing advertisements by fax.

*Id.* ¶ 28.

Based on these facts, Bobo's Drugs filed a two-count Complaint. *Id.* Count I alleges that Defendants violated the TCPA by sending the fax advertisements to Bobo's Drugs and other similarly situated class members without their prior express invitation or permission. *Id.* ¶¶ 38-59. Count I further alleges that Bobo's Drugs and other similarly situated class members were damaged because the faxes tied up telephone lines, prevented fax machines from sending or receiving authorized faxes, caused undue wear and tear on the recipient's fax machines, and wasted the recipients time, paper, and ink toner. *Id.* ¶¶ 4, 59. Count II alleges that by sending advertisements to the class's fax machines, Defendants converted the class's fax machines, paper, toner, and time to Defendants' own use. *Id.* ¶¶ 60-67.

Defendants filed the instant Motion to Dismiss, arguing that (1) Bobo's Drugs' TCPA claim based on the 2013 fax advertisement is barred by the four year statute of limitations; (2) Defendants Fagron, Inc.; Fagron Academy, LLC; Fagron Professional Services, LLC, and Fagron Holdings USA, LLC (the "Fagron Defendants") do not qualify as the sender of the 2016 fax advertisement under the TCPA and Bobo's drugs cannot state a claim for violation of the TCPA or conversion against the Fagron Defendants; and (3) the 2016 fax advertisement was no more than a bare procedural violation that does not constitute a concrete injury in fact as required by Article III of the United States Constitution to establish standing. Doc. 19 at 3-7.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.    DISCUSSION

### A.     Statute of Limitations

The statute of limitations for a TCPA claim is four years. 28 U.S.C. § 1658(a); *Solis v. CitiMortgage, Inc.*, 700 Fed. App'x 965 (11th Cir. 2017). Likewise, the statute of limitations for conversion is four years. *Xavier v. Leview Boymelgreen Marquis Developers, LLC*, 117 So. 3d 773, 775 (Fla. 3d DCA 2012).

Defendants move to dismiss Bobo's Drugs' TCPA and conversion claims to the extent that they rely on the May 1, 2013 fax, arguing that the fax was sent outside the applicable statutes of limitations. Bobo's Drugs filed the Complaint on August 7, 2017. Doc. 1. Thus, the May 2013 fax does, indeed, fall outside of the statutes of limitations for the TCPA and conversion, a point that Bobo's Drugs concedes. Doc. 25 at 1-2. Still, both counts in Plaintiff's complaint rely upon the June 2, 2016 fax as well as the May 1, 2013 fax. Doc 1 ¶¶ 42-44, 50-52, 60. A single fax may

serve as the basis for a TCPA and conversion claim and, therefore, Counts I and II will not be dismissed.  *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015); *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 218 F. Supp. 3d 1335, 1340 (M.D. Fla. 2016).  This case will proceed as to the June 2, 2016 fax, which is not barred by the statutes of limitations.

>   B.   **Standing**

To meet Article III's standing requirements, a plaintiff must demonstrate (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable court ruling.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  The injury in fact must be "(1) concrete and particularized and (2) actual or imminent, not conjectural or hypothetical."  *Id.* at 560.  A "particularized" injury "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560 n. 1).

Concrete injuries may arise from tangible or intangible harm, and Congress is "well positioned" to identify and elevate *de facto* injuries—either tangible or intangible—that were previously inadequate in law to the status of legally cognizable injuries.  *Id.* at 1249.  However, doing so "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right."  *Id.* ("Article III standing requires a concrete injury even in the context of a statutory violation"); *Lujan* 504 U.S. at 578; *Palm Beach Golf*, 781 F.3d at 1251; *Susinno v. Work Out World Inc.*, 862 F.3d 346, 350 (3rd Cir. 2017).  Thus, "a bare procedural violation, divorced from any concrete harm" does not "satisfy the injury-in-fact requirement of Article III."  *Spokeo*, 136 S. Ct. at 1549.

Generally, the TCPA's intent with respect to unsolicited fax advertisements sought to "protect citizens from the loss of the use of their fax machines during the transmission of fax data." *Palm Beach Golf*, 781 F.3d at 1252 (citing H.R. REP. NO. 102-317, at 10). A recipient loses the ability to use their fax machine during transmission of an unsolicited fax advertisement, as well as paper and toner. *JWD Auto*, 218 F. Supp. 3d at 1340. The costs associated with receiving unsolicited fax messages are certainly tangible, even if indirect, while the loss of time and usage of one's fax machine is intangible in nature. *Id.* Nonetheless, courts have held that receipt of an unsolicited fax advertisement meets Article III's standing requirements. *Id.* (citing *Prindle v. Carrington Mortg. Servs., LLC*, No. 3:13-cv-1349-J-34PDB, 2016 WL 4369424, at *9 n.11 (M.D. Fla. Aug. 16, 2016)). Indeed, the Eleventh Circuit and the Middle District of Florida have both held that the TCPA creates "a cognizable right" to make these kinds of injuries concrete. *Florence Endocrine Clinic, PLLC v. Arriva Med., LLC*, 858 F.3d 1362, 1366 (11th Cir. 2017); *Palm Beach Golf*, 781 F.3d at 1252; *JWD Auto., Inc.*, 218 F. Supp. 3d at 1340. Additionally, these same courts have held that even a single violation of the TCPA coupled with an injury in fact is sufficient to confer standing. *Palm Beach Golf*, 781 F.3d at 1259 (holding that a single fax was sufficient to survive a motion for dismissal, despite the minimal value of the claim); *JWD Auto*, 218 F. Supp. 3d at 1339 ("[T]he successful transmission of even a single unsolicited fax causes an injury sufficiently concrete and particularized to confer standing under Article III to assert a TCPA claim.").

Thus, Defendants' reliance on *Spokeo* is misplaced. While it is true that Article III standing is not automatically created when Congress enacts a statute, *Spokeo* 136 S. Ct at 1549, the TCPA creates a cognizable right, and Bobo's Drugs alleges a concrete injury of the type that the TCPA is intended to protect. Defendants cite to several cases alleging that *Spokeo* requires a plaintiff to

plead an additional concrete injury when alleging a statutory violation. Doc. 19 at 6. However, the TCPA case cited by Defendants for this argument, *Romero v. Department Stores National Bank*, 199 F. Supp. 3d 1256 (S.D. Cal. 2016), has since been reversed by the United States Court of Appeals for the Ninth Circuit, which "held that 'a violation of the TCPA is a concrete, *de facto* injury,'" *Romero v. Department Stores National Bank*, No. 16-56265, 2016 WL 1079728 (9th Cir. Feb. 28, 2018) (quoting *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017)).

Other cases cited by Defendants are not applicable because they do not involve the concrete injuries alleged here, but instead concern speculative harm from conduct that violated a statute. For example, in *Hancock v. Urban Outfitters, Inc.*, 830 F.3d 511, 512 (D.C. Cir. 2016), the plaintiffs sued a retail store for requiring them to provide their zip codes in connection with purchases and in violation of a law stating that "no person shall, as a condition of accepting a credit card as payment for a sale of goods or services, request or record the address or telephone number of a credit card holder on the credit card transaction form." *Id.*(quoting D.C. Code § 47-3153). The plaintiffs admitted that their only injury was being required to provide their zip code when they should not have been. *Id.* at 514. Thus, there was no tangible loss such as paper or toner, and no intangible loss such as the loss of use of a fax machine, as is the case here.

Here, Bobo's Drugs has properly alleged that Defendants wasted Bobo's Drugs' time, paper, and ink toner (the injury) by sending unsolicited faxes (the violation), Doc. 1 ¶ 4, 59, and does not need to plead any additional injuries. Accordingly, Defendants' motion to dismiss for lack of standing is denied.

### C. The meaning of "sender" under the TCPA.

The TCPA makes it unlawful for anyone "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement"

7

unless there exists an "established business relationship" between "sender" and the recipient meeting certain criteria. 47 U.S.C. § 227(b)(1)(C) (2012). The Fagron Defendants argue that they are not "senders" of the fax advertisements within the meaning of the TCPA, and the fax advertisements were sent only on behalf of Defendant B&B Pharmaceuticals, Inc ("B&B"). Doc. 19 p. 3-4.

A plain reading of § 227(b)(1)(C) provides no clear indication on the matter as the language "to send" is ambiguous as to who specifically may be held liable as a "sender" for unsolicited fax advertisements. *Palm Beach Golf*, 781 F.3d at 1255-56. However, in 1995, the Federal Communications Commission ("FCC") issued a Memorandum Opinion and Order that stated that "the TCPA provided for direct liability for an entity on whose behalf goods or services were promoted by unsolicited fax advertisement. *Id.* at 1256 (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12407 (1995) (memorandum opinion and order). Later, in 2006, the FCC promulgated a regulation defining who is liable as a "sender" of a facsimile as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." *Id.* at 1254 n.9 (quoting 47 C.F.R. § 64.1200(f)(10)). In 2008, the FCC further clarified that the "sender will not always be the same party that actually transmits the facsimile to the recipient." *Arkin v. Innocutis Holdings, LLC*, 188 F. Supp. 3d 1304, 1309 (M.D. Fla. 2016) (quoting *In the Matter of Rules &Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 23 F.C.C. Rcd. 15059, 15065 n.49 (2008)). "In other words, the FCC's current view is that **one whose goods or services are promoted in the unsolicited fax may be held strictly liable under the TCPA for its transmission,** even absent a showing that the fax was sent on its behalf." *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 232 F. Supp.

3d 1201, 1204 (M.D. Fla. 2017) (quoting *JWD Auto.*, 218 F. Supp. 3d at 1341) (emphasis in original); *but see SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*, No. 2:17-cv-24-FtM-38CM, 2017 WL 3149360, at *2-3 (M.D. Fla. July 25, 2017) (granting a motion to dismiss because the plaintiff lumped all defendants together and failed to allege how certain defendants were tied to the unsolicited fax).

The 2016 fax advertises the Fagron Defendants' FACTS program by stating that the progam is "available to offer pharmacies continued education in the form of live consultations, formulation database and development support, and up-to-date information on the latest compounding trends and information all led by the highlyskilled staff." Doc. 1, Ex. A. The advertisement then provides both an email address and a phone number to contact the Fagron Defendants to join the program with a short request from B&B to mention to Fagron's program that "B&B referred you." *Id.* Nevertheless, the Fagron Defendants argue that the fax was sent on behalf of B&B and, therefore, they cannot be held liable. Doc. 19 p. 4.

The Eleventh Circuit adopted the FCC's interpretation of "sender" in *Palm Beach Golf*, 781 F.3d at 1257. However, while *Palm Beach Golf* did apply an "on behalf of" theory of direct-sender liability, that case involved a fax transmitted in 2005, prior to the promulgation of the FCC's 2006 Regulations. 781 F.3d at 1254 n.9, 1257-58. It is, therefore, fair to read *Palm Beach Golf* as not limiting the definition of "sender" under the current regulations. *See Arkin*, 188 F.Supp.3d at 1309.

Since the Eleventh Circuit has not expressly rejected the strict definition of "sender" articulated in the FCC's 2006 Regulations, and because the plaintiffs received the junk fax in June 2016, this Court will apply the 2006 Regulation definition, as it has done previously. *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 232 F. Supp. 3d 1201, 1205 (M.D. Fla. 2017); *JWD*

*Auto.*, 218 F. Supp. 3d at 1342. Refusing to do so would likely violate the Hobbs Act, 28 U.S.C. § 2342, which grants the circuit courts of appeals exclusive jurisdiction over challenges to administrative agencies' interpretation of statutory language. *Scoma*, 232 F. Supp. 3d at 1205-06; *JWD Auto.*, 218 F. Supp. 3d at 1342; *Sliwa v. Bright House Networks, LLC*, No. 2:16–CV–235–FTM–29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016) ("[T]his court, like all district courts, 'lacks jurisdiction under the Hobbs Act to consider the argument that the FCC incorrectly interpreted [the TCPA].") Here, Bobo's Drugs has adequately alleged that the Fagron Defendants are "senders" of the 2016 fax sent by B&B, which advertised the Fagron Defendants' FACTS program. Doc. 1 ¶ 57, Ex. A. Thus, the Court will deny the Defendants' motion to dismiss on this basis.

IV. **CONCLUSION**

Accepting the allegations of the Complaint as true, and drawing all reasonable inferences in Bobo's Drugs' favor, the Court concludes that Bobo's Drugs has stated a claim upon which relief may be granted and the Fagron Defendants were "senders" of the fax communication within the meaning of the TCPA. Additionally, Bobo's Drugs has standing to maintain this action. However, Plaintiff's claims for relief based on the May 1, 2013 fax will be dismissed, as time-barred.

Accordingly, it is hereby **ORDERED**:

1. The Motion to Dismiss Counts I and II of Plaintiff's Complaint (Doc. 19) is **GRANTED,** in part, to the extent that any claims for relief based on the May 1, 2013 fax are dismissed as time-barred. In all other respects, the Motion to Dismiss Counts I and II of Plaintiff's Complaint (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on June 8, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any